AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One (1) Motorola T Mobile Cellular Telephone
Serial Number: D563ET9207
SIM Card & ID Number: 8952020306610039480F
Black/Silver in Color

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

Case Number: '08 MJ 8614

I, COLE DOTSON being duly sworn depose and say:

I am a(n) Special Agent with U. S. Immigration & Customs Enforcement (Official Title) and have reason to believe

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the SOUTHERN District of CALIFORNIA

there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offese and electronic data which is and has been used as the means for committing a criminal offense.

concerning a violation of Title 21 United States Code, Section(s) 841(a)(1), 952 & 960

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF ICE AGENT DOTSON.

FILED
JUL - 8 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

[signature]
Signature of Affiant

Sworn to before me and subscribed in my presence,

July 8, 2008 @ 9:36 a.m. at El Centro, California
Date / City / State

Peter C. Lewis, U.S. Magistrate Judge
Name of Judge / Title of Judge

[signature]
Signature of Judge

# ATTACHMENT A

## PROPERTY/ITEMS TO BE SEARCHED

The property/items to be searched are described as:

One (1) Motorola T Mobile Cellular Telephone
Serial Number: D563ET9207
SIM Card & ID Number: 8952020306610039480F
Black/Silver in Color

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

One (1) Motorola T Mobile Cellular Telephone, Serial Number: D563ET9207, SIM Card & ID Number: 8952020306610039480F, Black/Silver in Color, presently in the custody of U. S. Immigration & Customs Enforcement, Resident Agent in Charge, El Centro, CA.

After U. S. Immigration & Customs officers gain access to the cellular telephone, the cellular telephone will be searched for the following electronic data:

1. The phone numbers and/or direct connect and/or names and identities assigned to the cellular phone; which constitutes evidence of the commission of Title 21, United States Code, 952, 960, & 841(a)(1);
2. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories; which constitutes evidence of the commission of Title 21, United States Code, 952, 960, & 841(a)(1);
3. Phone numbers and direct connect numbers dialed from the cellular phone and stored in memory; which constitutes evidence of the commission of Title 21, United States Code, 952, 960, & 841(a)(1);
4. The last number dialed from the cellular phone; which constitutes evidence of the commission of Title 21, United States Code, 952, 960, & 841(a)(1);
5. Text messages, voicemail, and pictures; which constitutes evidence of the commission of Title 21, United States Code, 952, 960, & 841(a)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of: | Magistrate Case No.: |
| One (1) Motorola i425 Cellular Telephone<br>Serial Number: 364VJAPV71<br>SIM Card and ID Number: 000823164165300<br>Black/White in Color | AFFIDAVIT OF ICE SPECIAL AGENT COLE DOTSON IN IN SUPPORT OF SEARCH WARRANT |
| One (1) Motorola T Mobile Cellular Telephone<br>Serial Number: D563ET9207<br>SIM Card and ID Number: 8952020306610039480F<br>Black/Silver in Color | |

I, Cole Dotson, being first duly sworn, hereby depose and say:

**PURPOSE**

1. This affidavit is made in support of an application for a search warrant for federal agents to search the following cellular telephone for electronic data that constitutes evidence of the commission of a criminal offense, and electronic data which is and has been used as the means for committing a criminal offense: (1) One Motorola i425 cellular telephone, Serial Number: 364VJAPV71, SIM Card and ID Number: 000823164165300, Black/White in Color; and (2) One Motorola T Mobile cellular telephone, Serial Number: D563ET9207, SIM Card and ID Number: 8952020306610039480F, Black/Silver in Color.

**BACKGROUND AND EXPERTISE**

2. I am a Special Agent (SA) with the United States Immigration and Customs Enforcement (ICE), which is a component agency of the

Department of Homeland Security. I have been employed as an ICE Special Agent since October 28, 2007. Prior to that, I was a Border Patrol Agent with Customs and Border Protection for approximately three years. Concurrently, I am a Commissioned Officer in the Army National Guard, which includes three years active duty Army and ten years reserve component service. I hold a Bachelor of Arts in History from the University of California, San Diego. I have been cross-designated by the United States Drug Enforcement Administration (DEA) to conduct controlled substance investigations and enforce provisions of the Federal Controlled Substances Act, pursuant to Title 21 of the United States Code. Moreover, I have spoken with other agents with extensive experience in controlled substance investigations.

3. I am currently assigned to the ICE Office of the Assistant Special Agent in Charge (ASAC), Office of Investigations, El Centro, California. I am assigned to conduct investigations of criminal violations relating to the smuggling and transportation of controlled substances. I have personally arrested or participated in the arrest of several persons for violations of the Controlled Substances Act. In each of these cases, I have conducted interviews with the arrested persons and with their associates. Through these interviews, I have gained a working knowledge and insight into the typical workings of controlled substance traffickers and smugglers. I have also gained extensive information as to the normal operational habits of persons who make their living as controlled substance traffickers.

4. Through the course of my duties, I have talked with experienced controlled substance investigators about the activities of controlled substance traffickers, and I have received on the job training dealing with the activities of controlled substances traffickers practiced locally. I am aware that it is a common practice for controlled substance traffickers to use cellular telephones and portable radios to maintain communications with co-conspirators to further their criminal activities. I have made numerous arrests for violations of Title 21 of the United States Code, and am familiar with the identification of all types of controlled substances by sight and color.

5. This statement is made in support of an application for a search warrant to search two cellular telephones that are believed to contain evidence of violations of Title 21, United States Code, sections 952 and 960, importation of a controlled substance, and Title 21, United States Code, sections 841(a)(1), possession of a controlled substance with intent to distribute.

6. This affidavit does not contain all of the information known to federal agents regarding this investigation, but, rather, contains only those facts believed to be necessary to establish probable cause.

7. Based upon my training and experience as a Special Agent, consultations with other Special Agents, and law enforcement officers experienced in controlled substance trafficking investigations, and all the facts and opinions set forth in this

affidavit, I submit the following:

a. Drug traffickers will use cellular telephones because they are mobile and they have instant access to telephone calls and voice messages;

b. Drug traffickers believe that cellular telephones provide greater insulation and protection against court-ordered wiretaps, and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination telephone numbers of calls placed to and from their cellular telephones;

c. ICE agents will deliver the cellular telephone to cellular telephone forensic examiners at the ICE Special Agent-in-Charge San Diego Forensics Group. These examiners may be able to determine the personal identification number, turn on the cellular telephone, and retrieve data from the cellular telephone. Unlike typical computers, cellular telephones do not have hard drives and store information in volatile memory. Current technology does not provide solutions for imaging the data stored in cellular telephone memory. Consequently, the telephone will have to be powered up and turned on by a forensic examiner. The examination may be delayed due to the lack of the appropriate charging device. The examiner will need to manually examine the cellular telephone and its functions and record their findings using digital photography. This process is time and labor intensive and, depending upon the workload of the few certified cellular telephone forensic examiners available, it may take weeks or longer. Therefore, your affiant is requesting that the time for service be extended to thirty (30)

days.

**SUMMARY OF INVESTIGATION / FACTS SUPPORTING PROBABLE CAUSE**

8. This affidavit is based on the reports and documents furnished to ICE Special Agent Cole Dotson.

9. On May 14, 2008, I, Special Agent Cole Dotson, responded to the Calexico, California, west port of entry (POE) regarding a seizure of cocaine.

10. According to an incident report prepared by U. S. Customs and Border Protection Officer Stensgard, on May 14, 2008, at approximately 1020 hours, Jesus Manuel PEREZ entered the United States at the Calexico, California, west POE. PEREZ was the driver and registered owner of a 2000 Chrysler Sebring, bearing California license plate 6AMX948. PEREZ was accompanied by Jose GONZALEZ-Perales.

11. According to an incident report prepared by Canine Enforcement Officer S. Barela, his assigned Narcotic Detector Dog alerted to the back seat area of the 2000 Chrysler Sebring. A subsequent inspection of the vehicle revealed 20 packages concealed in a non-factory compartment behind the back seat. A sample of a white powdery substance was removed from one of the packages, which field-tested positive for cocaine. The 20 packages had a combined net weight of approximately 22.60 kilograms (49.72 pounds).

12. On May 14, 2008, your affiant (SA Dotson), verbally advised PEREZ of his rights per *Miranda*. PEREZ stated he understood his rights and was willing to answer questions without the presence of an attorney. PEREZ admitted his intention to transport contraband into the United States. PEREZ stated he thought the vehicle contained twenty (20) kilograms of marijuana. PEREZ stated that GONZALEZ called him on May 13, 2008, to arrange a ride to GONZALEZ's probation officer's office in El Centro, California. PEREZ stated he picked up GONZALEZ from GONZALEZ's girlfriend's

house in the morning on May 14, 2008.

13. Your affiant asked how PEREZ contacted the smugglers who hired him to transport the contraband. PEREZ stated he contacted them by telephone. SA Dotson asked PEREZ if he knew the telephone numbers. PEREZ stated the telephone numbers were in the telephone in the car. SA Dotson asked which name the numbers were listed under. PEREZ stated there was not a name. PEREZ stated he just knew the smugglers by the number. PEREZ proceeded to state there were two telephones containing the smugglers' numbers. PEREZ stated that the white Nextel which was in the car and the "regular grey telephone" that was brought into the "office," had the smugglers' telephone numbers. These telephones were later identified as one (1) Motorola i425 cellular telephone, Serial Number: 364VJAPV71, SIM Card and ID Number: 000823164165300, Black/White in Color; and one (1) Motorola T Mobile cellular telephone, Serial Number: D563ET9207, SIM Card and ID Number: 89520203066l0039480F, Black/ Silver in Color.

14. Customs and Border Protection Officers collected PEREZ's personal property, including three cellular telephones. Officers gave your affiant PEREZ's personal property and cellular telephones.

15. On May 14, 2008, your affiant, verbally advised GONZALEZ of his rights per *Miranda*. GONZALEZ stated he understood his rights and was willing to answer questions without the presence of an attorney. GONZALEZ denied knowledge of any illegal substance in the vehicle. GONZALEZ stated he had never seen the vehicle before May 14, 2008. GONZALEZ stated he and PEREZ are only roommates. GONZALEZ stated they do not see each other very much. GONZALEZ stated he rarely calls PEREZ on the telephone. GONZALEZ stated the last time he called PEREZ was a week prior to May 14, 2008. GONZALEZ stated they happened to meet each other as GONZALEZ was going to the bus station in order to see his probation officer.

PEREZ offered GONZALEZ a ride instead.

16. On May 14, 2008, PEREZ and GONZALEZ were transported to the Imperial County Jail to await their initial appearance before a U.S. Magistrate.

17. On May 15, 2008, PEREZ and GONZALEZ were arraigned before U. S. Magistrate Peter C. Lewis on a complaint for violation of Title 21, United States Code, 952 and 960, Importation of a Controlled Substance (22.60 kilograms of cocaine).

18. On May 29, 2008, PEREZ and GONZALEZ were arraigned before U. S. Magistrate Peter C. Lewis on a two count indictment, to wit: Count 1: Title 21, United States Code, sections 952 and 960 Importation of Cocaine; and Count 2: Title 21, United States Code, section 841(a)(1) Possession of Cocaine with Intent to Distribute.

19. A motion hearing/trial setting is set for July 7, 2008, at 2:00 p.m. before U. S. District Court Judge Irma E. Gonzalez.

**DESCRIPTION OF PROPERTY/ITEMS TO BE SEARCHED**

20. The property/items to be searched are further described as one (1) Motorola i425 cellular telephone, Serial Number: 364VJAPV71, SIM Card and ID Number: 000823164165300, Black/ White in Color; and one (1) Motorola T Mobile cellular telephone, Serial Number: D563ET9207, SIM Card and ID Number: 8952020306610039480F, Black/ Silver in Color.

**DESCRIPTION OF PROPERTY/ITEMS TO BE SEIZED**

21. The items to be seized from each cellular telephone are electronic data that constitute evidence of the commission of a criminal offense, and electronic data that is, and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 21, United States Code,

sections 952 and 960, Importation of a Controlled Substance, and Title 21, United States Code, section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute. The items to be seized include the electronic data described below:

a. The telephone numbers and/or direct-connect and/or names and identities assigned to the cellular telephone;

b. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories;

c. Telephone numbers and direct-connect numbers dialed from the cellular telephone and stored in memory;

d. The last number dialed from the cellular telephone and;

e. Any other electronic information in the stored memory of the cellular telephone, including but not limited to text messages, voicemail, and pictures, relating to violations of Title 21, United States Code, Sections 952 and 960, Importation of Controlled Substance and Title 21, United States Code, Section 841(a)(1), Possession of Controlled Substance with Intent to Distribute.

**CONCLUSION**

22. Based on the facts contained in this affidavit and my experience and training, I submit that there is probable cause to believe that one (1) Motorola i425 cellular telephone, Serial Number: 364VJAPV71, SIM Card and ID Number: 000823164165300, Black/ White in Color; and one (1) Motorola T Mobile cellular

telephone, Serial Number: D563ET9207, SIM Card and ID Number: 8952020306610039480F, Black/ Silver in Color, contains evidence of violations of Title 21, United States Code, sections 952 and 960, Importation of a Controlled Substance, and Title 21, United States Code, section 841(a)(1) Possess of a Controlled Substance with Intent to Distribute. Further, I believe that the above-described property/items to be seized will be found when this warrant is served. Consequently, based on the probable cause discussed above, I specifically request authority to seize the items described above and in Attachment B hereto (incorporated herein by reference). Therefore, for the reasons set forth in this affidavit and application, I respectfully request that a separate search warrant be issued for each cellular telephone.

23. I have prepared this affidavit in close consultation with several federal agents with whom I work and Assistant U. S. Attorney Karla Davis in the Southern District of California.

24. I, or any other duly authorized federal agent, will personally serve the warrant requested above, and will be assisted by other duly authorized federal investigators.

I swear the foregoing is true and correct to the best of my knowledge and belief.

COLE DOTSON
Special Agent
U. S. Immigration
and Customs Enforcement

SUBSCRIBED AND SWORN TO BEFORE THIS 8th DAY OF JULY 2008.

PETER C. LEWIS
U. S. Magistrate Judge